UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FITNESS RESOURCE ASSOCIATES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. |
| AEROBICS AND FITNESS ASSOCIATION ) | |
| OF AMERICA, INC. ) | |
| ) MAGISTRATE JUDGE _____ | |
| Defendant. ) | |
| ) | |

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

**NOTICE OF REMOVAL**

**TO:** (1) The Honorable Judges of the United States District Court for the District of Massachusetts and (2) Gregg S. Blackburn, Casner & Edwards, 303 Congress Street, Boston, MA 02210

1. The Petitioner, Aerobics and Fitness Association of America, Inc. ("AFAA") respectfully states that it is a named defendant in the above-entitled civil action brought by the Plaintiff, Fitness Resource Associates, Inc. ("FRA"), which is now pending in the Massachusetts Superior Court, Norfolk County, Civil Action No. 04-02146.

2. On or about December 15, 2004, this action was commenced in the aforesaid Norfolk Superior Court. On December 21, 2004, the Petitioner received a Summons and copy of the Complaint via certified mail, copies of which are attached hereto as **Exhibit "A."**

3. Upon information and belief, no further proceedings have been had in said Civil Action No. 04-02146, and the time within which to file a notice of removal has not expired.

4. <u>Jurisdiction</u>. Based on the allegations contained in the Complaint, the above-entitled action is a civil suit which may be removed to this Court by the Petitioner pursuant to 28

L:\13345\000\Pld\01

U.S.C. §§ 1332(a) and 1441(a) on the basis of diversity of citizenship of the parties. More specifically, the plaintiff, FRA, is a Massachusetts corporation with a principal place of business in Massachusetts, Complaint, ¶ 2, while the Petitioner, AFAA, is a California corporation with a principal place of business in California. Complaint, ¶ 3. The amount of damages demanded by the plaintiff FRA is $960,000. Complaint, ¶ 35. Diversity jurisdiction therefore exists pursuant to 28 U.S.C. § 1332(a), and this action is removable pursuant to 28 U.S.C. § 1441(a).

5. <u>Venue</u>. Petitioner desires to remove this action to the district court of the United States for the district in which the action is now pending, to wit, to the District of Massachusetts (Eastern Section). 28 U.S.C. §1446(a).

6. After the filing of this Notice of Removal of this action to the United States District Court for the District of Massachusetts, written notice of the filing of this Notice will be given by the attorneys for the Petitioner to the attorney for the Plaintiff as provided by law; a certified copy of this notice will be filed with the Clerk of the Norfolk Superior Court; certified copies of all pleadings on file in said Norfolk Superior Court Department, Civil Action No. 04-02146 will be filed with this Court.

7. Petitioner has a good and sufficient defense to the Plaintiff's claims in this action.

8. No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, Petitioner AFAA prays that this action be removed from the Massachusetts Superior Court Department, Norfolk County, to the United States District Court for the District of Massachusetts.

                         AEROBICS AND FITNESS ASSOCIATION OF AMERICA, INC.

                         By its attorneys,

January 3, 2005

                         Richard J. Grahn (BBO#206620)
                         Edward V. Colbert III (BBO #566187)
                         LOONEY & GROSSMAN LLP
                         101 Arch Street
                         Boston, MA 02110
                         (617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of January 2005 served a copy of the foregoing pleading upon all parties hereto by mailing copies thereof, via first class mail, postage prepaid, properly addressed to:

                         Gregg S. Blackburn, Esq.
                         Casner & Edwards LLP
                         303 Congress Street
                         Boston, MA 02210

                         Edward V. Colbert III

L:\13345\000\Pld\01

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK, ss. | SUPERIOR COURT<br>CIVIL ACTION NO.: |

FITNESS RESOURCE ASSOCIATES, INC.

    Plaintiff

v.

AEROBICS AND FITNESS ASSOCIATION
OF AMERICA, INC.

    Defendant

## COMPLAINT

Plaintiff Fitness Resource Associates, Inc. ("FRA") for its complaint against defendant Aerobics and Fitness Association of America, Inc. ("AFAA") alleges as follows:

### Nature of this Action

1. This is an action seeking damage arising out of AFAA's breach of contractual and fiduciary duties and tortious conduct in connection with a joint venture between the parties.

### Parties

2. FRA is a Massachusetts corporation having its principal place of business at 74 Crescent Road, Needham, Massachusetts. FRA is in the business of developing and operating programs for the teaching and training of personal trainers, yoga instructors, and other professionals in the physical fitness industry.

3. AFAA is a California corporation having its principal place of business at 15250 Ventura Boulevard, Suite 310, Sherman Oaks, California. AFAA is in the

business of training and certifying aerobics and fitness instructors and publishing books concerning fitness.

## Jurisdiction

4. This court has jurisdiction over the Defendant pursuant to M.G.L. c. 223A § 3 inasmuch as AFAA transacts business in the Commonwealth, contracts to supply services and things in the Commonwealth and regularly does and solicits business in the Commonwealth.

## Factual Allegations

5. Prior to the formation of the joint venture between FRA and AFAA described below, FRA was already in the business of presenting courses in personal training. FRA had its own course outline, written materials, instructors whom it trained and with whom it contracted, substantial goodwill, and a valuable reputation within the fitness industry.

6. Prior to the formation of the joint venture between FRA and AFAA described below, AFAA was already in the business of certifying aerobics instructors.

7. By Joint Venture Agreement dated October 30, 1990 (the "Agreement"), FRA and AFAA entered into a joint venture for the purpose of engaging in the business of providing training programs and certifying individuals in personal training. A copy of the Agreement is attached hereto as Exhibit "A."

8. In reliance upon the promises made to it by AFAA in the Agreement and upon the fiduciary obligations undertaken by AFAA pursuant thereto, FRA began to conduct its personal training courses through the joint venture, contributing its course outlines, its materials, most of its existing business and its reputation and goodwill.

9. At the outset, the joint venture operated as contemplated by the Agreement. FRA selected locations for personal training workshops in major cities around the country. AFAA engaged facilities for the workshops pursuant to the Agreement. AFAA advertised these workshops, communicated with subscribers, collected enrollment fees and certified individuals who passed the exam, which was written by FRA. In accordance with the Agreement, FRA arranged for instructors, paid the compensation and travel expenses of those instructors, and presented the personal training programs it had developed and had been presenting since 1987. FRA then invoiced AFAA, and AFAA remitted to FRA 40% of the subscription amounts received.

10. AFAA has since abused its position in the joint venture and has breached its contractual obligations to benefit itself and harm FRA.

11. AFAA has disregarded the scheduling and facility requirements of the Agreement. Instead of scheduling workshops in consultation with FRA, AFAA has scheduled workshops unilaterally. Rather than arranging for facilities having the resources required by the Agreement, AFAA pursued a policy of avoiding the expense to itself of conference room rental by arranging for space in substandard facilities in remote locations. As a result, AFAA arranged for more and more workshops that were underenrolled on account of its choice of location and facility. The intended result of AFAA's practice has been to reduce the costs it incurs while reducing the profit per workshop to FRA, often causing it to lose money on a per-workshop basis.

12. AFAA has further reduced its facility costs by unilaterally allowing student discounts and complementary enrollments in return for such discounts. As a result of this practice, AFAA has reduced the receipts in which FRA is entitled to share.

13. As AFAA set about scheduling workshops in facilities and locations likely to be underenrolled, it at the same time unreasonably withheld its consent to cancel underenrolled workshops. In paragraph IX of the Agreement the parties anticipated the problem of under-enrollment and provided: "It is agreed that any course will be subject to cancellation if enrollment does not meet a minimum of fifteen people with the mutual consent of the parties." AFAA adopted a practice of unreasonably withholding its consent to cancellation of underenrolled courses, even to the extent of insisting that FRA incur the expense of travel and compensation for instructors for workshops having no paid enrollees, but only complementary enrollees. Thus, AFAA has insisted on its "right" for its own benefit to impose losses on FRA contrary to its fiduciary and contractual obligations under the Agreement.

14. The Agreement provided that "All books and/or training workbooks or manuals developed for and during these courses shall be the joint property of both parties and any profits derived from their publication and sale, outside the courses, will be shared equally." AFAA has provided the Study Guide, prepared by FRA, to course subscribers for free upon their enrollment in workshops which is permissible under the Agreement. AFAA, however, has bundled FRA's Study Guide with other publications for sale and has given FRA none of the proceeds of such sales, contrary to the terms of the Agreement.

15. AFAA also commissioned the preparation of a textbook during and for the program which is the subject of the joint venture. Although AFAA has required that enrollees in personal training workshops purchase the textbook, AFAA has refused to

permit FRA to be involved in the preparation of the book or to share in the proceeds of its sales, all contrary to the Agreement.

16. AFAA wrongfully repudiated and terminated the joint venture agreement.

17. AFAA commenced during the term of the Agreement a practice of consistently failing to pay invoices when due causing cash flow problems for FRA that resulted in out of pocket damages and lost income.

18. AFAA has failed and refused to pay FRA's invoices as required by the Agreement, and approximately $20,000 is currently overdue.

## Count One
### (Breach of Joint Venture Agreement)

19. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 18 of this Complaint.

20. AFAA has breached the Agreement by, inter alia, failing to comply with the scheduling and facility requirements of the Agreement, issuing complementary and discounted enrollments in lieu of facility rental, unreasonably withholding its consent to the cancellation of underenrolled courses, failing to account for all revenues received from operating programs, failing to account to and compensate FRA for sales of jointly owned publications, and withholding amounts due to FRA for workshops it has conducted and invoiced.

21. FRA has performed all obligations required of it as a condition of the Agreement.

22. As a result of AFAA's breaches of the Agreement FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $660,000.

## Count Two
## (Breach of Fiduciary Duty)

23. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 22 of this Complaint.

24. As a member of a joint venture AFAA is and was subject to fiduciary duties to the joint venture and to its joint venturer. AFAA's breaches of the Agreement set forth above constitute breaches of its fiduciary duty to FRA, its joint venturer.

25. As a result of AFAA's breaches of fiduciary duty FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $660,000.

## Count Three
## (Breach of Duty of Good Faith and Fair Dealing)

26. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 25 of this Complaint.

27. AFAA's breaches of the Agreement and other wrongful conduct set forth above constitute breaches of its duty of good faith and fair dealing to FRA, its joint venturer.

28. As a result of AFAA's breaches of its duty of good faith and fair dealing FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $660,000.

## Count Four
## (Conversion and Unjust Enrichment)

29. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 28 of this Complaint.

30. Under the Agreement, all written materials developed for and used during the courses conducted thereunder were the joint property of FRA and AFAA and any

profits derived from their publication and sale, outside the courses, was to be shared equally.

31.    AFAA has marketed and sold materials developed within the parameters of the Agreement and has failed to share the proceeds of such sales with FRA.

32.    AFAA has breached the Agreement by failure to account for all revenues from program operations in which FRA had a right to share.

33.    As a result of AFAA's conversion of the joint venture's assets, FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $300,000.

## Count Five
### (Accounting)

34.    FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 33 of this Complaint.

35.    As a result of AFAA's breaches of the Agreement and other wrongful conduct FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $960,000. Accordingly, FRA is entitled to an accounting by AFAA of the amounts by which FRA has been damaged and which AFAA has wrongfully paid to itself together with an amount representing FRA's equity interest in the joint venture which AFAA continues to operate after forcing out FRA.

WHEREFORE, plaintiff Fitness Resource Associates, Inc. respectfully requests that this court enter judgment in its favor:

A.    Awarding FRA such damages as it may prove at trial that it has suffered on account of AFAA's breaches of the Agreement, breaches of its fiduciary duty to FRA, and breaches of its duty to FRA of good faith and fair dealing;

B.    Requiring AFAA to disgorge such amounts as may be proved at trial that it has converted or by which it has been unjustly enriched;

C.    Ordering AFAA to account to FRA for the amounts it has received on account of the joint venture, including, but not limited to, workshop subscription receipts, publication sales, and issuance of complementary and discounted enrollments;

D.    Awarding such interest, costs, and attorneys fees as are properly recoverable; and

E.    Ordering such other and further relief as the court may deem just and proper.

### Jury Demand

The plaintiff claims a trial by jury on all counts so triable.

Dated: December 15, 2004        Respectfully submitted,

FITNESS RESOURCE
ASSOCIATES, INC.

_____
Gregg S. Blackburn (BBO# 044430)
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

A JOINT VENTURE AGREEMENT
between
AFAA and FRA

This agreement is entered into this 30th day of October, 1990, between the Aerobics and Fitness Association of America, a California corporation, with offices located at 15250 Ventura Boulevard, Suite 310, Sherman Oaks, California, 91403, called "AFAA", and Fitness Resource Associates, Inc, a Massachusetts corporation, with offices located at 19 Brook Road, Suite 103, Needham, Massachusetts, 02194, called "FRA".

RECITAL

AFAA is an educational and publishing company that specializes in the training and certification of aerobics and fitness instructors, throughout the world, emphasizing techniques in safety presentations and form.
FRA has developed and is teaching and training fitness counselors in various aspects of aerobics and fitness excellence. A copy of their Course Outline is attached and a part hereof.
Comes now the desire of both parties to jointly present fitness courses to the general public, all in accordance with the covenants defined hereunder.

NOW THEREFORE IT IS AGREED

I. COURSE OBJECTIVE

As the fitness industry continues to grow in terms of participation and dollars spent, so grows the need for more qualified fitness professionals.
In spite of great advancements in the past decade, our industry continues to cater to the inherently motivated, intrinsic exerciser and ignores the 66-80% of adult Americans who do not exercise regularly. It is clearly time to provide this non-athletically elite population, with information and guidance.
Using health related fitness goals, the course will provide information and skills assisting the participant in working one-on-one with individual clients.
The knowledge base of the program will integrate the most practical methods and procedures for fitness assessment and exercise prescription, with educational theory on how people learn and how the trainer can develop basic counseling skills which will in turn help the client assume new health behaviors.

page one of six

## II. THE COURSE

FRA will develop the course and make revisions as deemed appropriate, AFAA having the right to review and approve the course content.

All books and/or training workbooks or manuals developed for and during these courses shall be the joint property of both parties and any profits derived from their publication and sale, outside the courses, will be shared equally. It shall be the responsibility of FRA to timely file necessary copyrights for all materials used in the courses and for obtaining permission from any contributing authors, editors or publishers for the use of any reprinted materials.

AFAA publishes various books and manuals as a general course of doing business. They, therefore, agree that they will not use any of the materials developed for this course in their other publications, unless with the written permission of FRA. However, AFAA does not exclude their right to develop and publish books and manuals that may cover like material: including but not limited to: methods/formats.

The copy of the initial Course Outline, attached hereto is hereby agreed too.

## III. PREREQUISITE

The prerequisite for enrollment in this course for Personal Trainers/ Fitness Counselors is that each participant meets one or more of the following criteria;
 1. Be certified by AFAA, IDEA, ACSM or IAR
 2. Have a bachelor degree in a health/fitness science program
 3. Successfully completed FRA's six hour "Introduction to Exercise Science" course

All sales staff will be aware of this prerequisite and be required to ascertain that all participants meet this requirement before enrollment.

Introduction to Exercise Science will be held prior to any certification training and exam for Personal Trainers/ Fitness Counselors with the mutual agreement of AFAA and FRA. FRA having developed this course maintains the right to final decision on content and materials used with AFAA having review and approval rights. FRA has the exclusive rights to offer and hold Introduction to Exercise Science in Massachusetts, New Hampshire and Rhode Island.

page two of six

## IV. INSTRUCTORS AND EXAM

FRA will, after consultation with AFAA, have the responsibility and final approval of hiring and training the instructors to be used in teaching the courses.

AFAA and FRA will co-develop the exam with final approval of FRA. Scoring and notification of results and issuance of a certification to the participants will be the responsibility of AFAA.

It shall be required by all Course Instructors, before they commence teaching a course, to show proof they have obtained liability insurance to cover their personal training; and, they must sign FRA's Standard Independent Contractor's Agreement.

## V. LOCATIONS

FRA and AFAA will jointly choose city locations for all course workshops and their dates. AFAA will find the host facility for each location using the following guidelines:

1. Hotel preferred
2. Available parking
3. Chairs for participants
4. Quiet lecture area
5. Overhead projector for lectures
6. Space enough for 100 people
7. Easy access

FRA will maintain exclusive rights to offer and run this course in Massachusetts, New Hampshire and Rhode Island. In conjunction with FRA's courses in this restricted area AFAA will hold a challenge exam for certification of Personal Trainers/ Fitness Counselors. All monies collected for the courses held in the restricted area will go to FRA. All monies collected for the challenge exam in the restricted area will go to AFAA. Any changes regarding the exclusivity of Massachusetts, New Hampshire and Rhode Island will be the decision of FRA.

## VI. MARKETING AND SALES

AFAA will provide their marketing and sales department to advertise, promote and register participants in the courses. FRA reserves the right to assist the development and revision of course description, phone scripts, registration procedure and post sales follow-up techniques.

Advertising and promotion of the courses by either party shall be readily identified with the names and/or logos of both AFAA and FRA.

page three of six

## VII. CONTINUING EDUCATION CREDITS

As a part of maintaining certification as an AFAA Certified Instructor, each instructor must continue to enhance their knowledge and skills through programs, workshops, home-study course, etc... After the full development and approval of AFAA, of the course to be offered hereunder, AFAA shall grant to each course participant 12 AFAA Continuing Education Credits.

## VIII. CONTINUING EDUCATION PROGRAM

As part of the ongoing educational process AFAA will institute a continuing education program for all certified Personal Trainers/ Fitness Counselors in order that they may maintain their certification. Paula Besson, M.Ed., from FRA, will be a member of the decision making continuing education provider system.

## IX. INCOME AND EXPENSES

The initial charge to attend the course for Personal Trainers/ Fitness Counselors is two-hundred and ninety-five dollars ($295.00). The charge to attend Introduction to Exercise Science is ninety dollars ($90.00). The price may only be changed or revised by the mutual consent of both parties.
Distribution of these fees shall be :
   AFAA    Sixty Percent    (60%)
   FRA     Forty Percent    (40%)
Distribution will be within 21 days of each course completion.

AFAA shall be responsible to pay from their portion of the income all expenses to:

   a. Advertise
   b. Furnish course material
   c. Telemarketing costs
   d. Telemarketer commissions
   e. Credit card clearing
   f. Bank charges
   g. Registration and administration costs

FRA shall be responsible to pay from their portion of the income all expenses to:

   a. Develop and update the course program
   b. Pay instructor expenses to include; airfare and hotel
   c. Instructor fees
   d. Instructor assistants fees as required

page four of six

It is agreed that any course will be subject to cancellation if enrollment does not meet a minimum of fifteen (15) people with the mutual consent of both parties.

### X.  SPONSORSHIP

Both parties shall make every effort to interest a sponsor or sponsors to support the program. FRA, recognizes that AFAA already works with several sponsors on other programs and conflicts of interest could be created; therefore, FRA will cooperate with AFAA in these endeavors and agrees to AFAA's final approval of any sponsor.

Incomes generated from any sponsor shall be divided as referred to above.

### XI.  TERMINATION

This agreement shall be for a period of one year from the date fully executed and be automatically extended for one year periods so long as both parties agree.
To terminate this agreement, either party shall give the other a ninety day written notice after the first nine month period.

### XII.  INSURANCE

Both parties agree to maintain their own liability insurance in the amount of one million dollars. Each party will name the other party as additionally insured on their existing policy and have a certificate of insurance to that effect mailed to the named insured.

### XIII.  MISCELLANEOUS

This agreement may not be assigned in whole or in part to another person, organization or entity.
This agreement is a California Contract. It is the intention of the parties that this Agreement, including any suits or special proceedings hereunder (wherever commenced) shall be governed and interpreted by the laws of the State of California.

This is the only contractual area in which the parties have agreements and any further agreements, changes or revision must be first submitted and agreed in writing.

The consideration of each party to the development of the programs outlined hereunder shall constitute the consideration to enter into this agreement.

IN WITNESS WHEREOF, the parties hereto cause this agreement to be duly executed and delivered as of the day and year above written.

Aerobics and Fitness Association of America

_____*Linda Pfeffer*_____
Linda Pfeffer, President

Fitness Resource Associates, Inc.

_____*Paula Besson*_____
Paula Besson, President

page six of six

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Fitness Resource Associates, Inc.

## DEFENDANTS

Aerobics and Fitness Association of America, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Norfolk, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Los Angeles, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gregg S. Blackburn, Esq.
Casner & Edwards LLP
303 Congress St., Boston, MA  02210

ATTORNEYS (IF KNOWN)

Edward V. Colbert, III
Richard J. Grahn
Looney & Grossman LLP
101 Arch Street, Boston, MA  02110  617-951-2800

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Diversity jurisdiction and removal under 28 U.S.C. §1332(a) and 1441(a).
Damages claimed are $960,000.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____     SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Fitness Resource Associates, Inc. v. Aerobics and Fitness Association of America, Inc.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   X    III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES   NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES   (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Edward V. Colbert, III
ADDRESS            Looney & Grossman LLP 101 Arch St., Boston, MA 02110
TELEPHONE NO.      617-951-2800

(Cover sheet local.wpd - 11/27/00)