MAS-20030912     Case 1:05-cv-10003-RGS    Document 8    Filed 01/19/2005    Page 1 of 10    01/12/2005
dilunnba                                     Commonwealth of Massachusetts                          09:17 AM
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

# NOCV2004-02146
## Fitness Resource Associates Inc v Aerobics and Fitness Association of America Inc

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 12/16/2004 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 01/10/2005 | **Session** | C - Civil C | | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 03/16/2005 | **Answer** | 05/15/2005 | **Rule12/19/20** | 05/15/2005 |
| **Rule 15** | 05/15/2005 | **Discovery** | 10/12/2005 | **Rule 56** | 11/11/2005 |
| **Final PTC** | 12/11/2005 | **Disposition** | 02/09/2006 | **Jury Trial** | Yes |

**Plaintiff**
Fitness Resource Associates Inc
Active 12/16/2004

**Private Counsel 044430**
Gregg S Blackburn
Casner & Edwards
303 Congress Street
2nd floor
Boston, MA 02210
Phone: 617-426-5900
Fax: 617-426-8810
Active 12/16/2004 Notify

**Defendant**
Aerobics and Fitness Association of America Inc
Served: 12/21/2004
Served (answr pending) 01/06/2005

**Private Counsel 206620**
Richard J Grahn
Looney & Grossman
101 Arch Street
9th floor
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 01/10/2005 Notify

**Private Counsel 566187**
Edward V Colbert, III
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 01/12/2005 Notify

| Date | Paper | Text |
|---|---|---|
| 12/16/2004 | 1.0 | Complaint entry fee $275 plff jury claim |
| 12/16/2004 | | Origin 1, Type A01, Track F. |
| 12/16/2004 | 2.0 | Civil action cover sheet filed |
| 12/16/2004 | | fast track notice sent to plff attorney |
| 12/30/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 01/06/2005 | 3.0 | Affidavit of proof of SERVICE RETURNED: by certified mail Aerobics and Fitness Association of America Inc(Defendant)served 12/21/04(rec'd1/4/05) |
| 01/10/2005 | 4.0 | Notice of filing of removal. rec'd 1/5/05 |

MAS-20030912
ditunnoa

Case 1:05-cv-10003-RGS    Document 8    Filed 01/19/2005    Page 2 of 10

Commonwealth of Massachusetts
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

01/12/2005
09:17 AM

## NOCV2004-02146
### Fitness Resource Associates Inc v Aerobics and Fitness Association of America Inc

| Date | Paper | Text |
|---|---|---|
| 01/10/2005 | 4.1 | Notice of removal to U S District Court. rec'd 1/5/05 |

EVENTS

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
1/12/05

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO.:

FITNESS RESOURCE ASSOCIATES, INC.

    Plaintiff

v.

AEROBICS AND FITNESS ASSOCIATION
OF AMERICA, INC.

    Defendant



## COMPLAINT

Plaintiff Fitness Resource Associates, Inc. ("FRA") for its complaint against defendant Aerobics and Fitness Association of America, Inc. ("AFAA") alleges as follows:

### Nature of this Action

1. This is an action seeking damage arising out of AFAA's breach of contractual and fiduciary duties and tortious conduct in connection with a joint venture between the parties.

### Parties

2. FRA is a Massachusetts corporation having its principal place of business at 74 Crescent Road, Needham, Massachusetts. FRA is in the business of developing and operating programs for the teaching and training of personal trainers, yoga instructors, and other professionals in the physical fitness industry.

3. AFAA is a California corporation having its principal place of business at 15250 Ventura Boulevard, Suite 310, Sherman Oaks, California. AFAA is in the

business of training and certifying aerobics and fitness instructors and publishing books concerning fitness.

### Jurisdiction

4. This court has jurisdiction over the Defendant pursuant to M.G.L. c. 223A § 3 inasmuch as AFAA transacts business in the Commonwealth, contracts to supply services and things in the Commonwealth and regularly does and solicits business in the Commonwealth.

### Factual Allegations

5. Prior to the formation of the joint venture between FRA and AFAA described below, FRA was already in the business of presenting courses in personal training. FRA had its own course outline, written materials, instructors whom it trained and with whom it contracted, substantial goodwill, and a valuable reputation within the fitness industry.

6. Prior to the formation of the joint venture between FRA and AFAA described below, AFAA was already in the business of certifying aerobics instructors.

7. By Joint Venture Agreement dated October 30, 1990 (the "Agreement"), FRA and AFAA entered into a joint venture for the purpose of engaging in the business of providing training programs and certifying individuals in personal training. A copy of the Agreement is attached hereto as Exhibit "A."

8. In reliance upon the promises made to it by AFAA in the Agreement and upon the fiduciary obligations undertaken by AFAA pursuant thereto, FRA began to conduct its personal training courses through the joint venture, contributing its course outlines, its materials, most of its existing business and its reputation and goodwill.

9. At the outset, the joint venture operated as contemplated by the Agreement. FRA selected locations for personal training workshops in major cities around the country. AFAA engaged facilities for the workshops pursuant to the Agreement. AFAA advertised these workshops, communicated with subscribers, collected enrollment fees and certified individuals who passed the exam, which was written by FRA. In accordance with the Agreement, FRA arranged for instructors, paid the compensation and travel expenses of those instructors, and presented the personal training programs it had developed and had been presenting since 1987. FRA then invoiced AFAA, and AFAA remitted to FRA 40% of the subscription amounts received.

10. AFAA has since abused its position in the joint venture and has breached its contractual obligations to benefit itself and harm FRA.

11. AFAA has disregarded the scheduling and facility requirements of the Agreement. Instead of scheduling workshops in consultation with FRA, AFAA has scheduled workshops unilaterally. Rather than arranging for facilities having the resources required by the Agreement, AFAA pursued a policy of avoiding the expense to itself of conference room rental by arranging for space in substandard facilities in remote locations. As a result, AFAA arranged for more and more workshops that were underenrolled on account of its choice of location and facility. The intended result of AFAA's practice has been to reduce the costs it incurs while reducing the profit per workshop to FRA, often causing it to lose money on a per-workshop basis.

12. AFAA has further reduced its facility costs by unilaterally allowing student discounts and complementary enrollments in return for such discounts. As a result of this practice, AFAA has reduced the receipts in which FRA is entitled to share.

13. As AFAA set about scheduling workshops in facilities and locations likely to be underenrolled, it at the same time unreasonably withheld its consent to cancel underenrolled workshops. In paragraph IX of the Agreement the parties anticipated the problem of under-enrollment and provided: "It is agreed that any course will be subject to cancellation if enrollment does not meet a minimum of fifteen people with the mutual consent of the parties." AFAA adopted a practice of unreasonably withholding its consent to cancellation of underenrolled courses, even to the extent of insisting that FRA incur the expense of travel and compensation for instructors for workshops having no paid enrollees, but only complementary enrollees. Thus, AFAA has insisted on its "right" for its own benefit to impose losses on FRA contrary to its fiduciary and contractual obligations under the Agreement.

14. The Agreement provided that "All books and/or training workbooks or manuals developed for and during these courses shall be the joint property of both parties and any profits derived from their publication and sale, outside the courses, will be shared equally." AFAA has provided the Study Guide, prepared by FRA, to course subscribers for free upon their enrollment in workshops which is permissible under the Agreement. AFAA, however, has bundled FRA's Study Guide with other publications for sale and has given FRA none of the proceeds of such sales, contrary to the terms of the Agreement.

15. AFAA also commissioned the preparation of a textbook during and for the program which is the subject of the joint venture. Although AFAA has required that enrollees in personal training workshops purchase the textbook, AFAA has refused to

permit FRA to be involved in the preparation of the book or to share in the proceeds of its sales, all contrary to the Agreement.

16. AFAA wrongfully repudiated and terminated the joint venture agreement.

17. AFAA commenced during the term of the Agreement a practice of consistently failing to pay invoices when due causing cash flow problems for FRA that resulted in out of pocket damages and lost income.

18. AFAA has failed and refused to pay FRA's invoices as required by the Agreement, and approximately $20,000 is currently overdue.

## Count One
### (Breach of Joint Venture Agreement)

19. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 18 of this Complaint.

20. AFAA has breached the Agreement by, inter alia, failing to comply with the scheduling and facility requirements of the Agreement, issuing complementary and discounted enrollments in lieu of facility rental, unreasonably withholding its consent to the cancellation of underenrolled courses, failing to account for all revenues received from operating programs, failing to account to and compensate FRA for sales of jointly owned publications, and withholding amounts due to FRA for workshops it has conducted and invoiced.

21. FRA has performed all obligations required of it as a condition of the Agreement.

22. As a result of AFAA's breaches of the Agreement FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $660,000.

## Count Two
### (Breach of Fiduciary Duty)

23. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 22 of this Complaint.

24. As a member of a joint venture AFAA is and was subject to fiduciary duties to the joint venture and to its joint venturer. AFAA's breaches of the Agreement set forth above constitute breaches of its fiduciary duty to FRA, its joint venturer.

25. As a result of AFAA's breaches of fiduciary duty FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $660,000.

## Count Three
### (Breach of Duty of Good Faith and Fair Dealing)

26. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 25 of this Complaint.

27. AFAA's breaches of the Agreement and other wrongful conduct set forth above constitute breaches of its duty of good faith and fair dealing to FRA, its joint venturer.

28. As a result of AFAA's breaches of its duty of good faith and fair dealing FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $660,000.

## Count Four
### (Conversion and Unjust Enrichment)

29. FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 28 of this Complaint.

30. Under the Agreement, all written materials developed for and used during the courses conducted thereunder were the joint property of FRA and AFAA and any

profits derived from their publication and sale, outside the courses, was to be shared equally.

31.   AFAA has marketed and sold materials developed within the parameters of the Agreement and has failed to share the proceeds of such sales with FRA.

32.   AFAA has breached the Agreement by failure to account for all revenues from program operations in which FRA had a right to share.

33.   As a result of AFAA's conversion of the joint venture's assets, FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $300,000.

### Count Five
### (Accounting)

34.   FRA incorporates by reference as though set forth in full herein the allegations contained in paragraphs 1 though 33 of this Complaint.

35.   As a result of AFAA's breaches of the Agreement and other wrongful conduct FRA has been damaged in an amount known to AFAA but unknown to FRA exceeding $960,000. Accordingly, FRA is entitled to an accounting by AFAA of the amounts by which FRA has been damaged and which AFAA has wrongfully paid to itself together with an amount representing FRA's equity interest in the joint venture which AFAA continues to operate after forcing out FRA.

WHEREFORE, plaintiff Fitness Resource Associates, Inc. respectfully requests that this court enter judgment in its favor:

A.   Awarding FRA such damages as it may prove at trial that it has suffered on account of AFAA's breaches of the Agreement, breaches of its fiduciary duty to FRA, and breaches of its duty to FRA of good faith and fair dealing;

B.  Requiring AFAA to disgorge such amounts as may be proved at trial that it has converted or by which it has been unjustly enriched;

C.  Ordering AFAA to account to FRA for the amounts it has received on account of the joint venture, including, but not limited to, workshop subscription receipts, publication sales, and issuance of complementary and discounted enrollments;

D.  Awarding such interest, costs, and attorneys fees as are properly recoverable; and

E.  Ordering such other and further relief as the court may deem just and proper.

### Jury Demand

The plaintiff claims a trial by jury on all counts so triable.

Dated: December 15, 2004

Respectfully submitted,

FITNESS RESOURCE
ASSOCIATES, INC.

_____
Gregg S. Blackburn (BBO# 044430)
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
1/12/05

5880.3/311785.1                                           8

A JOINT VENTURE AGREEMENT
between
AFAA and FRA

This agreement is entered into this 30th day of October, 1990, between the Aerobics and Fitness Association of America, a California corporation, with offices located at 15250 Ventura Boulevard, Suite 310, Sherman Oaks, California, 91403, called "AFAA", and Fitness Resource Associates ,Inc, a Massachusetts corporation, with offices located at 19 Brook Road, Suite 103, Needham, Massachusetts, 02194, called "FRA".

RECITAL

AFAA is an educational and publishing company that specializes in the training and certification of aerobics and fitness instructors, throughout the world, emphasizing techniques in safety presentations and form.
FRA has developed and is teaching and training fitness counselors in various aspects of aerobics and fitness excellence. A copy of their Course Outline is attached and a part hereof.
Comes now the desire of both parties to jointly present fitness courses to the general public, all in accordance with the covenants defined hereunder.

NOW THEREFORE IT IS AGREED

I. COURSE OBJECTIVE

As the fitness industry continues to grow in terms of participation and dollars spent, so grows the need for more qualified fitness professionals.
In spite of great advancements in the past decade, our industry continues to cater to the inherently motivated, intrinsic exerciser and ignores the 66-80% of adult Americans who do not exercise regularly. It is clearly time to provide this non-athletically elite population, with information and guidance.
Using health related fitness goals, the course will provide information and skills assisting the participant in working one-on-one with individual clients.
The knowledge base of the program will integrate the most practical methods and procedures for fitness assessment and exercise prescription, with educational theory on how people learn and how the trainer can develop basic counseling skills which will in turn help the client assume new health behaviors.

page one of six

## II. THE COURSE

FRA will develop the course and make revisions as deemed appropriate, AFAA having the right to review and approve the course content.

All books and/or training workbooks or manuals developed for and during these courses shall be the joint property of both parties and any profits derived from their publication and sale, outside the courses, will be shared equally. It shall be the responsibility of FRA to timely file necessary copyrights for all materials used in the courses and for obtaining permission from any contributing authors, editors or publishers for the use of any reprinted materials.

AFAA publishes various books and manuals as a general course of doing business. They, therefore, agree that they will not use any of the materials developed for this course in their other publications, unless with the written permission of FRA. However, AFAA does not exclude their right to develop and publish books and manuals that may cover like material: including but not limited to: methods/formats.

The copy of the initial Course Outline, attached hereto is hereby agreed too.

## III. PREREQUISITE

The prerequisite for enrollment in this course for Personal Trainers/ Fitness Counselors is that each participant meets one or more of the following criteria;
 1. Be certified by AFAA, IDEA, ACSM or IAR
 2. Have a bachelor degree in a health/fitness science program
 3. Successfully completed FRA's six hour "Introduction to Exercise Science" course

All sales staff will be aware of this prerequisite and be required to ascertain that all participants meet this requirement before enrollment.

Introduction to Exercise Science will be held prior to any certification training and exam for Personal Trainers/ Fitness Counselors with the mutual agreement of AFAA and FRA. FRA having developed this course maintains the right to final decision on content and materials used with AFAA having review and approval rights. FRA has the exclusive rights to offer and hold Introduction to Exercise Science in Massachusetts, New Hampshire and Rhode Island.

## IV. INSTRUCTORS AND EXAM

FRA will, after consultation with AFAA, have the responsibility and final approval of hiring and training the instructors to be used in teaching the courses.

AFAA and FRA will co-develop the exam with final approval of FRA. Scoring and notification of results and issuance of a certification to the participants will be the responsibility of AFAA.

It shall be required by all Course Instructors, before they commence teaching a course, to show proof they have obtained liability insurance to cover their personal training; and, they must sign FRA's Standard Independent Contractor's Agreement.

## V. LOCATIONS

FRA and AFAA will jointly choose city locations for all course workshops and their dates. AFAA will find the host facility for each location using the following guidelines:

1. Hotel preferred
2. Available parking
3. Chairs for participants
4. Quiet lecture area
5. Overhead projector for lectures
6. Space enough for 100 people
7. Easy access

FRA will maintain exclusive rights to offer and run this course in Massachusetts, New Hampshire and Rhode Island. In conjunction with FRA's courses in this restricted area AFAA will hold a challenge exam for certification of Personal Trainers/ Fitness Counselors. All monies collected for the courses held in the restricted area will go to FRA. All monies collected for the challenge exam in the restricted area will go to AFAA. Any changes regarding the exclusivity of Massachusetts, New Hampshire and Rhode Island will be the decision of FRA.

## VI. MARKETING AND SALES

AFAA will provide their marketing and sales department to advertise, promote and register participants in the courses. FRA reserves the right to assist the development and revision of course description, phone scripts, registration procedure and post sales follow-up techniques.

Advertising and promotion of the courses by either party shall be readily identified with the names and/or logos of both AFAA and FRA.

## VII. CONTINUING EDUCATION CREDITS

As a part of maintaining certification as an AFAA Certified Instructor, each instructor must continue to enhance their knowledge and skills through programs, workshops, home-study course, etc... After the full development and approval of AFAA, of the course to be offered hereunder, AFAA shall grant to each course participant 12 AFAA Continuing Education Credits.

## VIII. CONTINUING EDUCATION PROGRAM

As part of the ongoing educational process AFAA will institute a continuing education program for all certified Personal Trainers/ Fitness Counselors in order that they may maintain their certification. Paula Besson, M.Ed., from FRA, will be a member of the decision making continuing education provider system.

## IX. INCOME AND EXPENSES

The initial charge to attend the course for Personal Trainers/ Fitness Counselors is two-hundred and ninety-five dollars ($295.00). The charge to attend Introduction to Exercise Science is ninety dollars ($90.00). The price may only be changed or revised by the mutual consent of both parties.
Distribution of these fees shall be :
   AFAA     Sixty Percent    (60%)
   FRA      Forty Percent    (40%)
Distribution will be within 21 days of each course completion.

AFAA shall be responsible to pay from their portion of the income all expenses to:

   a. Advertise
   b. Furnish course material
   c. Telemarketing costs
   d. Telemarketer commissions
   e. Credit card clearing
   f. Bank charges
   g. Registration and administration costs

FRA shall be responsible to pay from their portion of the income all expenses to:

   a. Develop and update the course program
   b. Pay instructor expenses to include; airfare and hotel
   c. Instructor fees
   d. Instructor assistants fees as required

It is agreed that any course will be subject to cancellation if enrollment does not meet a minimum of fifteen (15) people with the mutual consent of both parties.

## X. SPONSORSHIP

Both parties shall make every effort to interest a sponsor or sponsors to support the program. FRA, recognizes that AFAA already works with several sponsors on other programs and conflicts of interest could be created; therefore, FRA will cooperate with AFAA in these endeavors and agrees to AFAA's final approval of any sponsor.

Incomes generated from any sponsor shall be divided as referred to above.

## XI. TERMINATION

This agreement shall be for a period of one year from the date fully executed and be automatically extended for one year periods so long as both parties agree.
To terminate this agreement, either party shall give the other a ninety day written notice after the first nine month period.

## XII. INSURANCE

Both parties agree to maintain their own liability insurance in the amount of one million dollars. Each party will name the other party as additionally insured on their existing policy and have a certificate of insurance to that effect mailed to the named insured.

## XIII. MISCELLANEOUS

This agreement may not be assigned in whole or in part to another person, organization or entity.
This agreement is a California Contract. It is the intention of the parties that this Agreement, including any suits or special proceedings hereunder (wherever commenced) shall be governed and interpreted by the laws of the State of California.

This is the only contractual area in which the parties have agreements and any further agreements, changes or revision must be first submitted and agreed in writing.

The consideration of each party to the development of the programs outlined hereunder shall constitute the consideration to enter into this agreement.

IN WITNESS WHEREOF, the parties hereto cause this agreement to be duly executed and delivered as of the day and year above written.

Aerobics and Fitness Association of America

*Linda Pfeffer*
Linda Pfeffer, President

Fitness Resource Associates, Inc.

*Paula Besson*
Paula Besson, President

page six of six

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT
                                                      CIVIL ACTION NO.: 04-02146

FITNESS RESOURCE ASSOCIATES, INC.

    Plaintiff

v.

AEROBICS AND FITNESS ASSOCIATION
OF AMERICA, INC.

    Defendant

## PROOF OF SERVICE OUTSIDE THE COMMONWEALTH AFFIDAVIT

I, Gregg S. Blackburn, depose and state that on December 17, 2004, I caused the Summons, Complaint and Massachusetts Superior Court Tracking Order to be mailed to the Defendant, Aerobics and Fitness Association of America, Inc. The attached return receipt signed by the Defendant, Aerobics and Fitness Association of America, Inc., is attached as evidence of such service of process. This Affidavit is made in Compliance G.L. c.223A §6.



SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd DAY OF January, 2005.

*[signature]*

Gregg S. Blackburn (BBO# 044430)
Casner & Edwards, LLP
303 Congress Street, 2nd Floor
Boston, MA 02110
(617) 426-5900

CERTIFICATE OF SERVICE

I, Gregg S. Blackburn, hereby certify that on January 3, 2005, that I caused the PROOF OF SERVICE OUTSIDE THE COMMONWEALTH OF MASSACHUSETTS to be filed within the tracking time standards or be leave of the Regional Administrative Justice, and further that I caused a copy of said document to be mailed, postage prepaid, to:

Edward V. Colbert, III, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110-1112

A TRUE COPY
Attest: *[signature]*
Deputy Assistant Clerk
1/12/05

*[signature]*
Gregg S. Blackburn (BBO#044430)

5880.3/341318.1

2

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

FITNESS RESOURCE ASSOCIATES, INC.,

        Plaintiff,

v.

AEROBICS AND FITNESS ASSOCIATION
OF AMERICA, INC.
        Defendant.

FILED
IN CLERKS OFFICE
SUPERIOR COURT DEPT.
2005 JAN 19 P 3: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

CIVIL ACTION
NO. 04-02146

## NOTICE OF FILING NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. §1446(d)

**TO:** (1) Clerk of Court, Norfolk Superior Court Department, 650 High Street, Dedham, MA 02026 and (2) Gregg S. Blackburn, Casner & Edwards, 303 Congress Street, Boston, MA 02210

Please take notice that a Notice of Removal of the within action, Civil Action No. 04-02146, from the Massachusetts Superior Court Department, Norfolk County, to the United States District Court for the District of Massachusetts, a certified copy of which is attached hereto, was duly filed in the Office of the Clerk of the United States District Court for the District of Massachusetts, on January 3, 2005 and assigned Civil Action No. 05-10003 RGS.

AEROBICS AND FITNESS ASSOCIATION OF AMERICA, INC.

By its attorneys,

Richard J. Grahn (BBO #206620)
Edward V. Colbert III (BBO #566187)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

January 4, 2005

A TRUE COPY
Attest: _____
Deputy Assistant Clerk

L:\13345\000\Pld\02