UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 05-10003RGS

| | |
|---|---|
| FITNESS RESOURCE ASSOCIATES, INC. | : |
| | : |
|     Plaintiff | : |
| | : |
| v. | : |
| | : |
| AEROBICS AND FITNESS ASSOCIATION | : |
| OF AMERICA, INC. | : |
| | : |
|     Defendant | : |

ANSWER OF PLAINTIFF FITNESS RESOURCE ASSOCIATES, INC. TO
DEFENDANT AEROBICS AND FITNESS ASSOCIATION
OF AMERICA, INC.'S COUNTERCLAIM

The plaintiff, Fitness Resource Associates, Inc. ("FRA") responds as follows to the counterclaim of the defendant Aerobics and Fitness Association of America, Inc. ("AFAA").

## PARTIES

1. Admitted.

2. Admitted.

## FACTS

3. The plaintiff admits that prior to and after 1990 AFAA was in the business of training and certifying fitness professionals. It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4. Admitted with the same limitations applicable to paragraph 3.

5. FRA admits that on or about October 30, 1990 it entered into a Joint Venture Agreement ("JVA") with AFAA. FRA admits that the JVA initially contemplated the presentation of personal trainer/fitness counselor workshops. FRA admits that yoga was later offered on the same terms. FRA admits that it did not employ

counsel in connection with drafting the JVA. FRA lacks sufficient information to be able to admit or deny whether AFAA employed counsel.

6. FRA admits that pursuant to the JVA that AFAA was responsible for marketing, promoting and finding facilities. FRA further agrees that it was responsible for providing staff. FRA denies that AFAA developed examinations to be given in conjunction with the workshops. FRA admits that AFAA scored the test results and was responsible to issue certifications.

7. FRA admits that under the JVA, the revenue split was to be 60% for AFAA and 40% for FRA. FRA denies the allegation that there was no sharing of profits since the JVA was calculated to allow each party a fair share of the profits which in fact occurred until such time as AFAA violated the terms of the agreement.

8. Admitted except that, on information and belief, AFAA ceased paying for facilities to host programs during the term of the JVA.

9. FRA admits that under the terms of the 1990 JVA, AFAA was permitted to continue to provide fitness training and certification in areas other than the personal trainer program which was the subject of the JVA. FRA denies that AFAA was permitted to provide personal fitness training on its own under the joint venture agreement.

10. Admitted.

11. Admitted.

12. FRA admits that from 1990 to 2003, FRA conducted personal trainer workshops throughout the United States on behalf of the joint venture. FRA denies the remaining allegations of paragraph 12 of the counterclaim.

13. FRA admits that it demanded the cancellation of workshops that did not meet the JVA criteria and further admits that it did not demand the cancellation of workshops that were profitable to it. FRA also admits that by 2003, there were additional participants in the fitness certification industry, and in that sense admits that it had become more competitive. FRA denies the remaining allegations of paragraph 13 of the counterclaim.

14. Denied.

15. FRA admits that it did not hold challenge exams on AFAA's behalf in conjunction with every FRA course conducted in Massachusetts, New Hampshire and Rhode Island, but denies that such was in violation of the JVA or that damages resulted to AFAA.

16. Denied.

17. FRA admits that in or about 2002, it agreed to conduct workshops related to yoga certification on the same terms as personal training was handled under the JVA. FRA denies each and every remaining allegation of paragraph 17 of the counterclaim.

18. FRA admits that on or about July 16, 2004, AFAA gave notice of termination. FRA denies the remaining allegations of paragraph 18 of the counterclaim.

19. Denied.

20. Denied.

## COUNT I
## BREACH OF CONTRACT

21. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 20 of the counterclaim.

22. FRA admits that it entered into the JVA with AFAA in 1990 and denies the remaining allegations of paragraph 22 of the counterclaim.

23. Denied.

24. Denied.

## COUNT II
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

25. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 24 of the counterclaim.

26. Admitted.

27. Denied.

28. Denied.

## COUNT III
## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

29. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 28 of the counterclaim.

30. FRA asserts that the JVA speaks for itself and denies that there were any promises or representations outside of that agreement upon which AFAA relied to its detriment.

31. Denied.

32. Denied.

## COUNT IV
## MISAPPROPRIATION OF TRADE SECRETS

33. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 32 of the counterclaim.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT V
## INTENTIONAL INTERFERENCE WITH
## BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE

38. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 37 of the counterclaim.

39. FRA is without knowledge sufficient to be able to admit or deny the allegations of paragraph 39 of the counterclaim.

40. See response No. 39.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT VI
## CONVERSION

45. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 44 of the counterclaim.

5880.3/346848.1                                     4

46. Denied.

47. Denied.

## COUNT VII
## UNFAIR COMPETITION

48. FRA repeats as if fully set forth herein its responses to paragraphs 1 through 47 of the counterclaim.

49. Denied.

50. Denied.

WHEREFORE, the plaintiff/defendant-in-counterclaim, FRA, respectfully requests that judgment enter in its favor on all counts of the counterclaim and that it be awarded costs and such other relief as the court deems just.

                Respectfully submitted,

                FITNESS RESOURCE ASSOCIATES, INC.
                By its attorney,

                _____/s/ Gregg S. Blackburn_____
                Gregg S. Blackburn (BBO# 044430)
                CASNER & EDWARDS, LLP
                303 Congress Street, 2nd Floor
                Boston, MA 02210
                (617) 426-5900

## CERTIFICATE OF SERVICE

I, Gregg S. Blackburn, hereby certify that on March 10th, 2005, that I caused the ANSWER OF FITNESS RESOURCES ASSOCIATES, INC.S TO COUNTERCLAIM to be filed within the tracking time standards or be leave of the Regional Administrative Justice, and further that I caused a copy of said document to be electronically filed to:

Edward V. Colbert, III, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA  02110-1112

                _____/s/ Gregg S. Blackburn_____
                Gregg S. Blackburn (BBO#044430)