**CASNER & EDWARDS, LLP**

A T T O R N E Y S   A T   L A W

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

September 20, 2005

Clerk's Office - Clerk
United States District Court
United States Courthouse
1 Courthouse Way
Boston, MA  02210

Re:    *Fitness Resource Associates, Inc. v Aerobics and Fitness Association of America, Inc.*
       U.S. District Court No.: 05-10003RGS

Dear Sir/Madam:

Enclosed please find for docketing and filing:

1.    FRA's Motion to Modify Scheduling Order (Local Rule 16.1(G) and Request for
      Oral Argument.

Thank you for your attention to this matter .

Very truly yours,

Gregg S. Blackburn

GSB:ml
Enclosure
5880.3/363441.1

cc:    Edward V. Colbert, III, Esq. (w/encl.) (via electronically)

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 05-10003RGS

FITNESS RESOURCE ASSOCIATES, INC.:

      Plaintiff

v.

AEROBICS AND FITNESS ASSOCIATION
OF AMERICA, INC.

      Defendant

## FRA'S MOTION TO MODIFY SCHEDULING ORDER
## (LOCAL RULE 16.1(G) AND REQUEST FOR ORAL ARGUMENT

Plaintiff, Fitness Resource Associates, Inc. ("FRA") hereby moves this court to modify its discovery deadline and dispositive motion scheduling order issued as electronic clerk's notes on June 1, 2005. (Attachment "A"). The court appears to have set the November 18, 2005 factual discovery deadline based upon the request for that date in the Joint Statement of the Parties filed on May 10, 2005. At that time, the parties desired speedy progress and believed that discovery could be accomplished within the time requested. Since that time, the paper discovery phase has encountered unanticipated complications and is likely to involve issues that must be resolved by the court, making the November 18th date unrealistic.

As grounds, FRA states that there are two major impediments that must be resolved before AFAA will produce documents.

1

The first impediment is a confidentiality order. AFAA responded to FRA's First Request for Production of Documents on June 27, 2005 and produced a proposed a protective order on July 21, 2005. (Attachment "B"). FRA responded on July 25, 2005. FRA pointed out that the order would not permit Rick Pendzick to review any documents that AFAA designated as confidential and that created problems for FRA that would need to be resolved. (Attachment "C"). The proposed order provides in paragraph 1b. that FRA's counsel would not disclose the information to FRA or any shareholder, officer, employee or agent of FRA. Mr. Pendzick is the clerk of the corporation and he is the spouse of the president of FRA. Mr. Pendzick has spent many hours analyzing FRA's data and using that data to create a 227- page spreadsheet document that summarizes FRA's claims of damage in connection with this case. A copy was provided to AFAA with FRA's Initial Disclosure. For reasons of consistency, efficiency and expense, FRA is relying upon Mr. Pendzick to analyze similar data that is expected to be produced by AFAA when its documents are ultimately disclosed. This is an issue that the parties have attempted to resolve, but without success and it is clearly going to require the intervention of the court.

Moreover, AFAA has advised FRA that its production would consist of approximately 400 cartons of documents which it would produce in California. AFAA has advised that all of its records relating to workshops, publications, income, expenses and the like that relate to FRA are commingled with documents that relate to AFAA's other workshop programs unrelated to FRA. AFAA has said that due to this fact, it is unable to copy and produce any documents requested by FRA. On August 18, 2005, FRA requested sample boxes with a request for deposition dates in California in the event

that AFAA was unable or unwilling to provide such sample boxes. (Attachments "D and E"). To date, AFAA has neither produced the boxes of sample documents or agreed to schedule a deposition in California on the dates proposed by FRA.

If Mr. Pendzick is not permitted to examine all AFAA documents in the first instance, the parties will have to work out some mechanism for separating what is confidential and not to be seen by him and what is not confidential. It seems clear (to FRA, at least) that there should be no confidentiality issue concerning Mr. Pendzick's review of records relating to the joint venture between FRA and AFAA. Someone will have to segregate those documents from the remaining documents that will have to be analyzed by someone else if Mr. Pendzick is not permitted to do that work. This is likely to take a good deal of time given the volume of documents.

Given the complexities that have arisen and FRA's critical need to review documents to be produced by AFAA prior to conducting depositions, FRA requests that the factual discovery phase of this case be continued to January 1, 2007, that the schedule for dispositive motions be extended to March 1, 2007 and the expert discovery phase be postponed to follow thereafter as provided for in the original order.

Respectfully submitted,

FITNESS RESOURCE
ASSOCIATES, INC.
By its attorney,

Gregg S. Blackburn (BBO# 044430)
CASNER & EDWARDS, LLP
303 Congress Street, 2nd Floor
Boston, MA 02210
(617) 426-5900

## LOCAL RULE 7.1 CERTIFICATION

I, Gregg S. Blackburn, hereby certify that I have conferred with Edward V.

Colbert, III, counsel for AFAA in this matter and we have attempted in good faith to

resolve or narrow the issue of the amount of time needed for discovery in this matter

without success.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the plaintiff FRA hereby requests a hearing on its

Motion to Modify Scheduling Order (Local Rule 16.1(G).

Gregg S. Blackburn (BBO#044430)

## CERTIFICATE OF SERVICE

I, Gregg S. Blackburn, hereby certify that on September 20, 2005, that I caused
FRA's MOTION TO MODIFY SCHEDULING ORDER (LOCAL RULE 16.1(G) to be
electronically filed in court with a copy to:

Edward V. Colbert, III, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA  02110-1112

Gregg S. Blackburn (BBO#044430)

# ATTACHMENT "A"

**Leonard, Mary E.**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Wednesday, June 01, 2005 4:35 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-10003-RGS Fitness Resource Associates, Incorporated v. Aerobics and Fitness Association of America, Incorporated "Scheduling Conference" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/1/2005 at 4:35 PM EDT and filed on 5/18/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$' Case Name: Fitness Resource Associates, Incorporated v. Aerobics and Fitness Association of America, Incorporated Case Number: 1:05-cv-10003
https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?95809

Document Number:
Copy the URL address from the line below into the location bar of your web browser to view the document:

Docket Text:
Electronic Clerk's Notes for proceedings held before Judge Richard G. Stearns : Scheduling Conference held on 5/18/2005. Atty. Blackburn present for the ptff, Atty. Colbert present for the deft. All fact discovery shall be completed by 11-18-05, dispositive motions to be filed by 1-10-06 with responses due 21 days thereafter. If the Court determines that experts are needed on damages, the Court will extend the schedule in order for expert discovery to be conducted. (Court Reporter None.) (Johnson, Mary)

The following document(s) are associated with this transaction:

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' --> 1:05-cv-10003 Notice will be electronically mailed to:
Gregg S. Blackburn                                        blackburn@casneredwards.com, leonard@casneredwards.com

Edward V. Colbert                                        , III  ecolbert@lgllp.com

Richard J. Grahn                                        rgrahn@lgllp.com

1:05-cv-10003 Notice will not be electronically mailed to:

1

# ATTACHMENT "B"

# Looney & Grossman LLP
## Attorneys at Law

Edward V. Colbert, III, Esq.
Voicemail: Ext 545
Email: ecolbert@lgllp.com

101 Arch Street
Boston, Massachusetts 02110-1112
Telephone (617) 951-2800
Telecopier (617) 951-2819
www.lgllp.com

July 21, 2005

Gregg S. Blackburn, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210

> **Re:    Fitness Resource Associates, Inc. v. Aerobics and Fitness Association of America, Inc., U.S.D.C. # 05-10003-RGS**

Dear Attorney Blackburn:

Enclosed please find a draft protective order that I would like to file with the Court by way of a stipulation prior to your inspection of AFAA's documents.  Please let me know if the protective order is acceptable to you.

Additionally, I have reviewed in more detail Fitness Resource Associates, Inc.'s Response To AFAA's First Request For Production of Documents.  I have the following concerns:

1.    Request/Response No. 15.  AFAA requested correspondence between FRA and AFAA's customers.  In its response, FRA did not make available correspondence between FRA and what it considers to be "joint" customers of FRA/AFAA.  We disagree with your view of "joint" customers, but regardless of this disagreement our request clearly contemplates all correspondence between FRA and those customers that AFAA has established both prior to and during its contractual relationship with FRA.  Among other things, these documents are relevant to AFAA's count against FRA for misappropriation of trade secrets and unfair competition, and AFAA is entitled to discover these documents.

2.    Request/Response No. 37 & 38.  AFAA requested documents relating to communications between FRA and ACE and between FRA and ACSM.  FRA objected, and stated its willingness to produce only those communications that preceded termination of the AFAA/FRA contract.  As you know, AFAA's claim against FRA includes allegations that FRA, acting for its own benefit and/or in concert with competitors of AFAA, diverted opportunities away from AFAA, threatened to enforce

unlawful non-compete agreements against AFAA and those with whom AFAA had existing business relationships, and acted in concert with other entities to exclude AFAA from business in the fitness industry. Because ACSM and ACE are entities that are competitive to AFAA in the industry, AFAA is entitled to discover such communications that may lead to the discovery of admissible evidence with regard to these allegations, whether the communications occurred before, during, or after termination of its contract with AFAA. Additionally, in "Response No. 38" you wrote, "No such documents exist," rather than writing the request itself. This would appear to be a typographical error.

3.     Request No. 40. As mentioned in my letter to you of June 21, 2005, as to Request No. 40, FRA responded that no documents exist concerning communications with the International Health Club and Racquet Sports Association (IHRSA). I remind you that the request is not limited to communications between IHRSA and your client, FRA, and encompasses all IHRSA communications that FRA has in its possession.

4.     Request/Response No. 50. AFAA requested documents relating to any business activities of FRA "and/or its principals" in Jamaica, including but not limited to the lease or purchase of real property in Jamaica and/or any loans secured for that purpose. FRA responded that "FRA" owns no property in Jamaica, but omitted reference in its response as to whether FRA has any such documents related to itself "and/or its principals." AFAA has reason to believe that FRA conducted workshops in Jamaica, and its request for documents relating to FRA's "business activities" in Jamaica includes a request for documents relating to these workshops. Also, AFAA's request for documents relating to any property owned or leased by FRA "and/or its principals" would include shareholders, officers and/or directors of FRA. Because such property could have impacted FRA's business activities and FRA's lack of cooperation in staffing workshops with AFAA, AFAA is entitled to discover documents related to such property, whether the interest is in the name of FRA or any of its principals.

I would like to arrange with you a conference pursuant to Local Rule 7.1 and 37.1 to discuss these issues. Please respond accordingly.

Very truly yours,

Edward V. Colbert, III

EVC/wmg

Cc:     Linda Pfeffer
        Jonathan Kirsch, Esq.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FITNESS RESOURCE ASSOCIATES, INC. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>AEROBICS AND FITNESS ASSOCIATION )<br>OF AMERICA, INC. )<br>)<br>Defendant. )<br>) | Civil Action<br>No. 05-10003-RGS |

## STIPULATION AND ORDER REGARDING CONFIDENTIALITY OF
## TRADE SECRET, PROPRIETARY AND/OR FINANCIAL INFORMATION

By the signatures of their attorneys of record to this document, the parties to this action

stipulate and agree that:

1.      Any trade secret, proprietary and/or financial information provided by Aerobics

and Fitness Association of America, Inc. ("AFAA") to Fitness Resource Associates, Inc. ("FRA"),

in response to FRA discovery requests, that AFAA claims and marks as "CONFIDENTIAL -

FOR ATTORNEY'S EYES ONLY" shall be:

a.      Deemed confidential information that may be used by counsel for FRA

solely for the purposes of this action; and

b.      FRA Counsel shall not reveal or disclose this information, or make it

available for inspection and copying to any person, including FRA or any shareholder,

officer, employee or agent of FRA.  FRA counsel may make confidential information

available to attorneys or employees of FRA counsel's law firm for purposes of this action,

or to others with the express written permission of counsel for AFAA or by Order of the

Court. In the event FRA counsel retains an expert or experts in this action, each such expert shall sign and forward to counsel for AFAA an affidavit in the form attached as Exhibit A to this Order, prior to receiving or reviewing any confidential information.

2.    In the event AFAA elects to produce documents for inspection and FRA elects to inspect them, no designation of confidential information need be made in advance of the inspection. For purposes of such inspection, all documents produced shall be considered as confidential information. If FRA counsel selects specified documents to be copied, AFAA shall be obligated to designate any confidential information in accordance with paragraph one at the time the copies are produced.

3.    Marking the cover of a multi-page document "CONFIDENTIAL - FOR ATTORNEY"S EYES ONLY" shall be deemed a designation of all pages of the document as confidential, and subject to the provisions of this Stipulation and Order.

4.    AFAA shall have 30 days following receipt of a deposition transcript to designate as confidential specific portions of the transcript, and shall serve such designation upon counsel for FRA. During the 30-day period following receipt of a deposition transcript by AFAA, the entire deposition transcript shall be deemed confidential and subject to the provisions of this Stipulation and Order. Following the 30-day period, all portions of a deposition transcript designated confidential by AFAA shall be subject to the provisions of this Stipulation and Order.

5.    If the parties are unable to resolve any dispute as to whether the information is or should be regarded as confidential and subject to the provisions of this stipulation, and only after attempts to resolve any dispute, counsel for FRA may file the disputed information with the Court, under seal, and seek a ruling from the court in camera concerning whether the information deserves the protection of this stipulation as confidential.

6.    All documents filed with the Court by any party to this action that are agreed by the parties, or ordered by the Court, to comprise or contain financial and proprietary information that could be potentially injurious to AFAA's business as commercially or competitively sensitive, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information, shall be filed in sealed envelopes or other appropriately sealed containers that shall be endorsed with the title of this action, an indication of the nature of the contents of the sealed envelopes or other containers, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "This envelope contains confidential documents and is not to be opened, nor are the contents to be displayed or revealed except by Order of this Court."

7.    Within 30 days following the conclusion of this litigation, all documents, deposition transcripts and other materials, and all copies, summaries and reports containing information or material that have been marked "CONFIDENTIAL– FOR ATTORNEY'S EYES ONLY" will be returned to counsel for AFAA.

8.    The parties intend that this stipulation be approved and adopted as an Order of the Court and that its violation will be enforceable as an Order of the Court, including by means of proceedings for contempt of court.

9.    The inadvertent or unintentional disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of AFAA's claim of confidentiality.

10.    Nothing in this stipulation or any order resulting from this stipulation constitutes a waiver or admission as to the admissibility or lack of admissibility of any matter at the trial of

this action.

Respectfully submitted,

FITNESS RESOURCE ASSOCIATES, INC.

AEROBICS AND FITNESS
ASSOCIATION OF AMERICA, INC.

By its attorney,

By its attorneys,

_____

Gregg Blackburn (BBO #044430)
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

_____

Richard J. Grahn (BBO#206620)
Edward V. Colbert III (BBO#566187)
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, Massachusetts 02110
(617) 951-2800


SO ORDERED:


_____

By the Court

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FITNESS RESOURCE ASSOCIATES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action |
| ) | No. 05-10003-RGS |
| AEROBICS AND FITNESS ASSOCIATION ) | |
| OF AMERICA, INC. ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF [          ]

I [          ] , hereby deposes and say that:

1.      I have read the Stipulation and Order Regarding Confidentiality Of Certain Proprietary And Financial Information ("Order"), in the above-captioned matter.

2.      I understand that pursuant to the Order, I am authorized to review information that has been designated confidential upon signature of this affidavit.

3.      I agree that I will not disclose or discuss confidential information I have reviewed except with counsel for FRA, or as authorized by this Court.

4.      I understand that should I disclose or discuss information designated confidential, I may be held in contempt of a Court Order.

Signed Under Penalties of Perjury this __ day of _____, 200[ ].

_____

[Notary]

ATTACHMENT "C"

# CASNER & EDWARDS, LLP

### A T T O R N E Y S   A T   L A W

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

July 25, 2005

Edward V. Colbert, III, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA  02110-1112

Re:    *Fitness Resource Associates, Inc. v Aerobics and Fitness Association of America, Inc.*
      U.S. District Civil Action No.: 05-10003RGS

Dear Ed:

I am writing concerning your proposed confidentiality order.  We have a potential problem with the order.  As you probably know, we have done a good bit of financial analysis on our claims.  The work was performed by Rick Pendzick who works closely with FRA and would probably be considered an agent.  He will need to review the financial data of AFAA as he did with the data of FRA which you have received in spreadsheet format.

I would imagine that very little of what AFAA will produce would legitimately be classified as confidential, but I cannot agree to the order without knowing what will be so designated.  If we can agree in advance on what categories of document are confidential, then I can see if we can live with your designations and agree to the order (as modified by pre-designation).  Of course, we would want a mirror image document for FRA's sensitive documents.

Please let me know whether this is agreeable and if so, when we could expect to receive designation information.  I am concerned that this may delay discovery and we need to get the paper discovery done in order to move onto depositions and make the November deadline.

With respect to the issues you raise in your discovery, I will contact my client right away and get back to you shortly.

Thank you for your attention to these matters.

Sincerely,

Gregg S. Blackburn

359105_1.DOC

# ATTACHMENT "D"



**CASNER & EDWARDS,** LLP

A T T O R N E Y S   A T   L A W

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

August 18, 2005

Edward V. Colbert, III, Esq.
Looney & Grossman LLP
101 Arch Street
Boston, MA 02110-1112

Re:   *Fitness Resource Associates, Inc. v Aerobics and Fitness Association of America, Inc.*
        U.S. District Civil Action No.: 05-10003RGS

Dear Ed:

I am writing in response to yours of August 4th concerning document productions and in light of our recent conversation on that topic.

As I understand it, AFAA cannot comply with my request to produce Category I documents as described in my letter of July 20 since AFAA has approximately 400 boxes of documents that contain material from the years 2000-2004 that are responsive to the requests. I understand further from our telephone conversation that AFAA simply dumps batches of documents into boxes when its employees have finished working with them and that there is no particular order to the boxes other than by date. With respect to most of my Category I requests as described in my letter to you of July 20, 2005, I suspect there has been a failure of communication somewhere along the way. I simply cannot imagine that a successful business such as AFAA could survive and handle all of its documents in this fashion.

For example, my Request No. 1 was for documents that relate to the Joint Venture Agreement. If AFAA still has a copy of the contract and any documents relating to the negotiation of the contract or documents discussing or disputing its terms, I simply do not believe that such documents were placed randomly in file boxes when some AFAA employee decided they were no longer needed at the moment. I believe that the same applies to Category I Request Nos. 2, 3, 12, 14, 15, 17, 18, 19, 20, 21, 22, 25, 29, 30, 31, 32, 33, 34 and 35.

In addition, even if financial reports are filed randomly and cannot be found without searching all the boxes, I cannot imagine that AFAA's computer system is unable to generate reports responsive to some of the financial information sought in the various document requests such as amounts paid to FRA over the years and expenses incurred for individual workshops. At the very least, AFAA should be able to produce a printout of its check registers for the periods in question.

Accordingly, I renew my request for the copying and production of such documents.

# CASNER & EDWARDS, LLP

Edward V. Colbert, III, Esq.
Looney & Grossman LLP
August 18, 2005
Page 2


In addition, in order to try to get a grip on what I might be dealing with concerning the 400 boxes, I am writing to request the immediate shipment of whatever number of boxes cover the period between March 1, 2002 and April 30, 2002, to be used as a sample.

If AFAA is unwilling to produce the documents described above that I suspect are in identifiable files and if it refuses to produce the sample boxes requested herein it is my plan to examine the documents at AFAA's offices in California sometime in September. If I find that in fact AFAA does keep its documents in more organized fashion, such as in folders pertaining to correspondence with FRA or folders relating to the contract with FRA, or folders containing financial reports and check register printouts, then I will apply to the court for sanctions including the cost of travel and time.

You should also be advised that the document production issues that have arisen between us such as those described above and the fact that we have not been able to agree on a confidentiality order makes it clear that the scheduling order by the court for discovery to be concluded by November 18, 2005 will be impossible to meet. I suggest that we immediately file a joint motion with the court for a substantial extension of the discovery period in view of these problems.

With respect to FRA's documents, as you requested, I have made inquiry of my client as to the volume of documents to be produced. I am told that there will be something less than ten cartons of documents. Arrangements can be made for you to view the responsive documents at your convenience at FRA's offices in Needham once we have agreed upon any protective order that is to apply to the documents produced by our respective clients.

Thank you for your attention to these matters.

Sincerely,

Gregg S. Blackburn

GSB:ml
5880.3/361145.1

# ATTACHMENT "E"

w/c

## Blackburn, Gregg S.

**From:** Blackburn, Gregg S.
**Sent:** Thursday, August 18, 2005 9:43 AM
**To:** Edward V. Colbert III (ecolbert@lgllp.com)
**Subject:** FRA - AFAA Document issue

Ed:

I am sending out a letter today to request further efforts to identify, copy and ship requested documents. In case that does not happen I want to notice a 30(b)(6) person from AFAA most knowledgeable about its filing systems and the location of documents in my request. I'd like to do this in September and schedule it for a Monday with three days to follow for inspection of documents.

Can we do the deposition in AFAA's offices?

Can we schedule it for Sept 19-22 or Sept 26-29?

Of course, we will also need to agree on a protective order beforehand if AFAA insists on having one. To make my position clear, I will not agree to any protective order that prevents Rick Pendzick from reviewing AFAA's financial documents that relate to joint programs and the documents relating to AFAA's own programs which will need to be examined for comparative analysis of AFAA's practices relating to workshops with low enrollments etc. If this is not going to be acceptable to you, please let me know ASAP, so that we can file a motion to get a court decision.

Thank you.

Gregg Blackburn
Casner & Edwards
617-426-5900



Gregg Blackburn
blackburn@cas..

1