UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                             )
FITNESS RESOURCE ASSOCIATES, INC.            )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )        Civil Action
                                             )        No. 05-10003-RGS
AEROBICS AND FITNESS ASSOCIATION             )
OF AMERICA, INC.                             )
                                             )
            Defendant.                       )
_____)

**OPPOSITION OF AEROBICS AND FITNESS ASSOCIATION OF AMERICA, INC. TO
FITNESS RESOURCE ASSOCIATES, INC.'S MOTION TO
AMEND SCHEDULING ORDER**

Aerobics and Fitness Association of America, Inc. ("AFAA") moves in opposition to the

motion of Fitness Resource Associates, Inc. ("FRA") to extend the discovery schedule and ensuing

dates in the scheduling order by 13 ½ months.   In support hereof, AFAA states:

1.      A 13 ½ Month Extension Is Unnecessary.  On September 21, 2005, AFAA  moved

for a 4-month extension of the discovery order based upon similar reasons asserted in FRA's motion

for a 13 ½ month extension.  See AFAA Motion To Extend Scheduling Order, (Docket No. 17).   In

their motions, AFAA and FRA state that their exchange of competing protective orders and discussions

concerning the confidentiality of discovery material has delayed the inspection of documents.  AFAA

has moved for entry of a protective order, and the motion is pending.  See AFAA Motion For

Protective Order (Docket No. 15).  AFAA was forced to file the motion due to FRA's insistence that

the husband of FRA's president be allowed to review AFAA's confidential material, despite the fact that FRA is a competitor of AFAA and works with other direct competitors of AFAA.  Upon resolution of the motion, the inspection of documents and remaining discovery should take place in a normal fashion.  While AFAA has identified approximately four hundred boxes that could contain material requested by FRA in its sweeping document request, a preliminary inspection of the boxes by FRA (as they are kept in the usual course of business) should allow FRA to choose those boxes and documents that it feels are truly relevant for purposes of conducting further discovery and for trial.  This should take far less than the 13 ½ months envisioned by FRA.[1]

       2.    <u>FRA's Request Is Inconsistent With FRA's Prior Assertions</u>.  FRA's request for a 13 ½ month extension of the scheduling order also contradicts FRA's assertions when opposing AFAA's motion to transfer venue to California.  When opposing venue, FRA suggested that:  (i) "[p]roof of this case will be for the most part through documents;"  (ii) that "many of the documents . . .  are in the hands of both parties;" and (iii) that very few AFAA employees would be witnesses or would have knowledge of the case beyond the documents, suggesting that FRA intends to take very few depositions.  <u>See</u> FRA Opposition To AFAA Motion To Transfer Venue, p. 12-13 (Docket No. 7).

---

[1] At the outset of this case, AFAA informed FRA and the Court as part of its Motion To Transfer Venue that it had many records related to the 13-year relationship between AFAA and FRA.  <u>See</u> AFAA Motion To Transfer Venue and Supporting Memorandum (Dockets No. 2 & 3).  Therefore, it should have been no surprise to FRA when planning its discovery that it will be required to inspect and determine which of these many documents it would like to obtain for purposes of trial.  It also should have been no surprise that a protective order would be contemplated, as the parties included the likelihood of seeking a protective order in their joint statement filed with the Court.  <u>See</u> Joint Statement (Docket No. 12).

L:\13345\000\Pld\21

To claim that 13 ½ months are needed for document discovery, when much of it is duplicative and few depositions will be required, demonstrates that FRA's

13 ½ month extension request is unreasonable.

WHEREFORE, AFFA respectfully requests that FRA's motion to extend the scheduling order for 13 ½ months be denied, and that AFAA's request for a 4-month extension be allowed.

> AEROBICS AND FITNESS ASSOCIATION OF
> AMERICA, INC.
>
> By its attorneys,

October 4, 2005

> __/s/ Edward V. Colbert III_____
> Richard J. Grahn (BBO#206620)
> Edward V. Colbert III (BBO #566187)
> LOONEY & GROSSMAN LLP
> 101 Arch Street
> Boston, MA  02110
> (617) 951-2800

## LOCAL RULE 7.1 CERTIFICATE

I, Edward V. Colbert III, hereby certify that I have conferred with opposing counsel in a good faith attempt to resolve or narrow this issue.

> __/s/_Edward V. Colbert III_____
> Edward V. Colbert III

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon all parties hereto by mailing copies thereof, via first class mail, postage prepaid, properly addressed to:

L:\13345\000\Pld\21

Gregg S. Blackburn, Esq.
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210

__/s/ Edward V. Colbert III_____
Edward V. Colbert III

L:\13345\000\Pld\21